UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TREVOR RICHARDSON, on his own behalf and on behalf of those similarly situated,<br>    Plaintiff,<br><br>  vs.<br><br>MONROE COUNTY SHERIFF, in his official capacity, and, MONROE COUNTY COMMISSIONERS, in their official capacity,<br>    Defendants. | )<br>)<br>)<br>)<br>)  1:08-cv-0174-RLY-JMS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT and PLAINTIFF'S MOTION TO CERTIFY CASE AS CLASS ACTION**

Before the court is Defendants' Motion to Dismiss or in the Alternative For Summary Judgment and Plaintiff's Motion to Certify Case As Class Action. For the reasons herein set forth, the court **DENIES** Defendants' Motion to Dismiss and **GRANTS** Plaintiff's Motion to Certify Case As Class Action.

**I. Background**

Plaintiff, Trevor Richardson ("Plaintiff"), filed a Class Action Complaint for Injunctive and Declaratory Relief in this court on February 13, 2008. At that time, Plaintiff was an inmate at the Monroe County Jail ("MCJ"). The MCJ is overseen by the Board of Commissioners of Monroe County ("Board of Commissioners"), and is

1

administered by the Monroe County Sheriff ("Sheriff"). Both the Board of Commissioners and the Sheriff are named defendants in this action and will be referred to herein collectively as "Defendants."

Plaintiff's incarceration at the MCJ began in August 2007. (Affidavit of Trevor Richardson ("Richardson Aff.") ¶ 3). On September 19, 2007, Plaintiff was sentenced to a year in the MCJ. (Affidavit of William Wilson ("Wilson Aff.") Exs. 1, 2). With good time credit, Plaintiff's release date was determined to be February 18, 2008. (*Id.*).

Plaintiff served his time in an area of the MCJ known as J Block. Plaintiff alleges that the MCJ was so overcrowded that for the first four months of his incarceration, he was "forced to sleep on the floor." (Class Action Complaint ¶ 37). In addition, Plaintiff alleges that the overcrowding caused:

> tension among the [inmates], violence among the [inmates], dirty showers and living conditions, cold food, complete lack of recreation, and, in general, unsafe and hazardous conditions.

(*Id.* ¶ 38).

On December 26, 2007, Plaintiff filed a grievance with a correctional officer which went unanswered. (Richardson Aff. Ex. 1). Plaintiff treated the MCJ's lack of response as a denial of his grievance and filed an appeal on January 10, 2008. (*Id*. Ex. 2). Having received no response or acknowledgment of his appeal from anyone at the MCJ, Plaintiff filed yet another appeal on January 26, 2008. (*Id*. Ex. 3).

On February 13, 2008, Plaintiff filed the instant lawsuit and motion for class certification. Plaintiff alleges that the unsafe conditions described above persist today.

(*Id.* ¶¶ 19-31, 35).  Plaintiff's proposed class is defined as "any and all persons currently confined, or who will in the future be confined, in the Monroe County Jail."  (Complaint ¶ 11).

Plaintiff was released from the MCJ on February 18, 2008.

## II.  Discussion

### A.  Motion to Dismiss or for Summary Judgment

#### 1.  Dismissal Standard

Defendants attached as evidence the Affidavit of William Wilson, the jail commander of the Monroe County Detention Center.  Attached to his affidavit are three exhibits: Plaintiff's Judgment of Conviction and Sentencing Order of Probation/Commitment; a page from Plaintiff's docket sheet which contains a minute entry dated September 18, 2007, documenting his sentencing; and the Monroe County Correctional Center Operations Directive, which provides the standard operating procedure to file a grievance in the MCJ.  (*See* Wilson Aff. Exs. A-C).  Defendants submitted these exhibits as evidence that Plaintiff was sentenced to one year in the MCJ and was released on February 18, 2008.  No other facts are alleged.

Defendants styled their motion as one to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), or in the alternative, as one for summary judgment under Rule 56.  Seventh Circuit law provides that a "district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction [under

Rule 12(b)(1)] exists." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999); *see also Bastein v. AT&T Wireless Serv., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000); *Commodity Trend Serv. v. Commodity Futures Trading Comm.*, 149 F.3d 679, 685 (7th Cir. 1998); *Sanner v. Board of Trade of City of Chicago*, 62 F.3d 918, 925 (7th Cir. 1995). "However, where the jurisdictional question is intertwined with the merits of the case, the court will treat the motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) as a motion for summary judgment under Rule 56." *Kim v. Potter*, 474 F.Supp.2d 1175, 1184 (D. Ha. 2007); *Weidner Comm., Inc. v. H.R.H. Prince Bandar Al Faisal*, 859 F.2d 1302, 1310 n.11 (7th Cir. 1988). The jurisdictional facts raised by Defendants' motion are not intertwined with the merits of this case. Accordingly, the court elects to treat this motion as one to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

### 2.  Merits

The issue presented in this case is whether Plaintiff, who filed his Complaint and Motion to Certify Case as Class Action while an inmate at the MCJ, but whose individual claims for relief are now moot due to his release from the MCJ, has standing to pursue the motion for class certification.

The Supreme Court has repeatedly held that when a class action is sought, the mooting of the plaintiff's individual claims for relief does not moot the case if, as in this

4

case, the plaintiff's individual claims are inherently transitory.[1]  For example, in *Gerstein v. Pugh*, 420 U.S. 103 (1975), the named plaintiffs filed a class action challenging pretrial detention conditions.  The Court assumed that the named plaintiffs were no longer awaiting trial at the time the trial court certified the class of pretrial detainees.  *Id*. at 111 n. 11.  In addition, there was no indication that the named plaintiffs might again be subject to pretrial detention.  *Id*.  Nevertheless, the Court held that the case was not moot:

> This case belongs, however, to that narrow class of cases in which the termination of a class representative's claim does not moot the claims of the unnamed members of the class.  *See Sosna v. Iowa*, 419 U.S. 393 [] (1975).  Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted.  The individual could nonetheless suffer repeated deprivations, and it is certain that other persons similarly situated will be detained under the allegedly unconstitutional procedures.  This claim, in short, is one that is distinctly 'capable of repetition, yet evading review.'

*Id*.

Similarly, in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), a class action was brought by arrestees challenging the manner in which the defendant county provided probable cause determinations to persons who had been arrested without a warrant.  *Id*. at 47.  At the time the suit was filed, the named plaintiffs had standing. *Id*. at 51.  However,

---

[1] Defendants argue that Plaintiff's claims are not inherently transitory because he did not file his Complaint and Motion to Certify Case as Class Action until five days before he was released.  The facts taken in the light most favorable to Plaintiff reflect that he filed a grievance on December 26, 2007, an appeal of the grievance on January 10, 2008, and yet another appeal on January 26, 2008.  Plaintiff filed his Complaint and Motion to Certify Case as Class Action on February 13, 2008.  These facts persuade the court that Plaintiff filed his Complaint and Motion for Class Certification in a timely fashion.

by the time the class was certified, their individual claims were moot. *Id.* at 51-52. The Court found that the case itself was not moot and that the class was properly certified:

> That the case was not certified until after the named plaintiffs' claims had become moot does not deprive us of jurisdiction. We recognized in *Gerstein* that "[s]ome claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." . . . In such cases, the "relation back" doctrine is properly invoked to preserve the merits of the case for judicial resolution.

*Id.* at 52; *see also United States Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980) (holding that where class certification was denied in a case challenging federal parole guidelines, the putative class representative had the right to appeal the denial, even though he was released from prison and his claims were therefore moot); *Brist v. County of Delaware and Borough of Darby*, 1995 WL 50954 (E.D. Pa. Feb. 7, 1995) (quoting *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974-75 (3d Cir. 1992) ("Nevertheless, a named plaintiff whose individual claim has expired may continue in his representative capacity to litigate class certification issues . . .")). *But see Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994) (noting that the named plaintiff, who did not move for class certification prior to the expiration of his individual claims, "cannot avail himself of the class action exception to the mootness doctrine.").

Here, Plaintiff filed the Complaint and Motion to Certify Case as Class Action while an inmate at the MCJ, challenging the "unconstitutional and unlawful conditions of confinement at the [MCJ] which is consistently and dangerously overcrowded." (Complaint ¶ 1). Plaintiff alleged in his Complaint that he and the class suffered a direct

and current injury as a result of their detention, and that the overcrowding conditions continue today.  (*See generally* Complaint).  Thus, at the time Plaintiff filed his Complaint and Motion to Certify Case as Class Action, Plaintiff's injury was capable of being redressed through injunctive and declaratory relief.  The fact that Plaintiff's individual claims for relief have been rendered moot because he is no longer incarcerated "does not moot the claims of the unnamed members of the class."  *McLaughlin*, 500 U.S. at 52.  This is because Plaintiff's claims, like those of the class, "are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires."  *Id*. at 53 (internal quotations and citations omitted).  Thus, the relation back doctrine applies "to preserve the merits of the case for judicial resolution."  *Id.*  Defendants' Motion to Dismiss is therefore **DENIED**.

      **B.**      **Motion for Class Certification**

Having found Plaintiff is not precluded from representing the class, the court now turns to the issue of whether the class itself should be certified.

      **1.**      **Standard**

Class action suits are governed by Federal Rule of Civil Procedure 23.  A party seeking class certification bears the burden of establishing that certification is appropriate.  *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993).  The decision whether to grant or deny a motion for class certification lies within the broad discretion of the trial court.  *Id*.

Rule 23 prescribes a two-step analysis to determine whether class certification is appropriate. First, a plaintiff must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Clark v. Experian Info. Solutions, Inc.*, 256 Fed.Appx. 818, 821 (7th Cir. 2007); *Williams v. Chartwell Financial Serv., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000); *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). The failure to meet any one of these requirements precludes certification of a class. *Retired Chicago Police Ass'n*, 7 F.3d at 596. Second, the action must also satisfy one of the conditions of Rule 23(b). *Clark*, 256 Fed.Appx. at 821; *Williams*, 204 F.3d at 760; *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977). Plaintiff seeks certification under Rule 23(b)(2), which requires that the party opposing the class must have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the class as a whole."

### 2. Merits

Defendants oppose Plaintiff's motion on several grounds. First, Defendants argue that Plaintiff does not meet the typicality requirement of Rule 23(a)(3). Second, Defendants argue that Plaintiff does not meet the adequacy of representation requirement of Rule 23(a)(4). The court will address each of these arguments in turn below.

#### a. Typicality

Defendants contend that "[Plaintiff's] claims are moot at the beginning of the litigation and consequently, are hardly typical." (Defendants' Memorandum at 2). To

satisfy the typicality requirement of Rule 23(a)(3), the court must find that "the claims and defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). "The typicality requirement, although closely related to the commonality question, focuses on the class representative." *Whitten v. ARS Nat'l Serv., Inc.*, 2001 WL 1143238, at * 4 (N.D. Ill. Sept. 27, 2001); *In re Prudential Ins. Co. Sales Practices Litig.*, 148 F.3d 283, 311 (3d Cir. 1998) ("The typicality requirement is designed to align the interests of the class and the class representatives so that the latter will work to benefit the entire class through the pursuit of their own goals."). "'A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (quoting H. Newberg, Class Actions § 1115(b) at 185 (1977)).

Here, Plaintiff alleges that the overcrowding in the MCJ is unconstitutional and violates state law. His individual claims for relief arose from the same conditions that the MCJ's inmates (allegedly) currently experience. The court finds, for the reasons set forth more fully below, that Plaintiff will work for the benefit of the proposed class, even though his individual claims for relief are now moot. Accordingly, Plaintiff satisfies the typicality requirement of Rule 23(a)(3).

### b.     Adequacy of Representation

Although Plaintiff may continue to pursue the certification of the proposed class despite the mootness of his individual claims, the court must still address whether

Plaintiff may adequately represent the interests of the class. *See Sosna v. Iowa*, 419 U.S. at 403 (1975) (holding that mootness of the named plaintiff's claim does not require immediate dismissal of class action and noting that mootness of named plaintiff's claim "shift[s] the focus of examination from the elements of justiciability to the ability of the named representative to 'fairly and adequately represent the interests of the class.'"). In addressing this factor, the focus of the court's inquiry is whether Plaintiff has the incentive to vigorously and zealously represent the interests of the class. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). The court therefore finds it imperative to engage in this inquiry.

In *Brist v. County of Delaware and Borough of Darby*, 1995 WL 50954 (E.D. Pa. Feb. 7, 1995), the plaintiff commenced litigation on behalf of a class of motorists who had been cited for weight restriction violations. At the time the class was certified the limitation period for prosecuting the plaintiff had expired and thus, his claim was arguably moot. *Id*. at *5. The court nevertheless found that plaintiff met the requirements of Rule 23(a)(4) because he had the ability and incentive to vigorously represent the claims of the class. *Id*. at *6.

> Since filing his original class action complaint on February 28, 1994, [plaintiff], through his counsel, responded to two motions to dismiss the original complaint, filed a motion to certify the class, filed an amended complaint, conducted discovery on the class certification issues and filed a second class certification motion. Nothing before the court indicates that [plaintiff] will not continue to advocate the interests of the class as vigorously as he has done thus far.

*Id.*; *see also Sosna*, 419 U.S. 393, 403 (1975) (finding the named plaintiff was an

appropriate class representative due, in part, to the fact that she continued to competently pursue the interests of the class throughout the litigation although her claim on the merits expired after class certification).

Here, Plaintiff has submitted his affidavit, stating that he is still in contact with his attorney and plans to "make [him]self available, as necessary, for any depositions or court hearings in this matter." (Richardson Aff. ¶ 15). He further states that "[he] ha[s] friends in the [MCJ] and [is] aware of the current situation there." (*Id.* ¶ 16). Given this testimony, the court finds that Plaintiff has knowledge of the current situation in the MCJ and expresses a willingness to vigorously and diligently participate in this litigation as a named plaintiff. The court further finds that his counsel is experienced in class action litigation. Accordingly, Plaintiff meets the requirement of Rule 23(a)(4).

### c.     Failure to Exhaust Administrative Remedies

Defendants also argue that Plaintiff is not an adequate class representative because he failed to exhaust his administrative remedies prior to bringing the present suit.

The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e) requires that a prisoner fully exhaust his administrative remedies prior to initiating litigation pursuant to 42 U.S.C. § 1983. "Although not depriving the district court of subject-matter jurisdiction, the provision requires dismissal of any case in which an available administrative remedy has not been exhausted." *Massey v. Wheeler*, 221 F.3d 1034 (7th Cir. 2000). However, failure to exhaust is an affirmative defense "and the burden of proof is on the defendants." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Defendants cite to the Affidavit of William Wilson for the proposition that Plaintiff did not exhaust his administrative remedies prior to filing suit. (Wilson Aff. ¶ 6). In response, Plaintiff filed his affidavit and attached copies of the following: a grievance dated December 26, 2007; an appeal of the grievance dated January 10, 2008; and a second appeal of his grievance dated January 26, 2008. (*See* Richardson Aff. Exs. 1, 2, 3). This evidence reflects, taken in the light most favorable to Plaintiff, that Plaintiff followed the Inmate Grievance Procedure of the MCJ. (*See* Wilson Aff., Ex. C). The PLRA requires nothing more. *Dole*, 438 F.3d at 809 ("Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance . . . ."); *see also Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (noting that a prisoner "must exhaust only those administrative remedies that are available to him.").

Given the evidence submitted by Plaintiff, the court finds that, for purposes of the motions before the court, Plaintiff exhausted his administrative remedies.[2] Because there

---

[2] A related issue raised, but not vigorously argued, by the Defendants is whether the class members themselves should be required to exhaust their administrative remedies in order to be members of the class. Stated differently, the issue presented is whether the "vicarious" exhaustion approach of Title VII applies to prisoner class actions seeking only declaratory and injunctive relief under Rule 23(b)(2). As applied in Title VII cases, a class representative's exhaustion of administrative remedies is sufficient for the entire class. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 414 n.8 (1975) ("The Courts of Appeals that have confronted the issue are unanimous in recognizing that backpay may be awarded on a class basis under Title VII without exhaustion of administrative procedures by the unnamed class members."); *Hartman v. Duffey*, 88 F.3d 1232, 1235 (D.C. Cir. 1996). Although the Seventh Circuit has not had occasion to address this issue, this court recently found, relying upon precedent from the Eleventh Circuit and other district courts, that the vicarious exhaustion requirement applies to cases brought under the PLRA. *See*

are no other objections to his fitness to serve in a representative capacity, the court further finds Plaintiff satisfies the requirements of Rule 23(a)(4).

### d. Rule 23(b)(2)

In order to certify the class, Plaintiff must also satisfy the requirements of Rule 23(b)(2), which provides that the party who opposes the class must have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the class as a whole." Defendants do not dispute that this requirement is met. Accordingly, the court finds Plaintiff satisfies the requirements of Rule 23(a) and Rule 23(b) and thus, Plaintiff's Motion to Certify Case as a Class Action is **GRANTED**.

---

*Meisberger v. Donahue*, 245 F.R.D. 627, 629-30 (S.D. Ind. 2007).  The court sees no reason to diverge from its earlier ruling.

### III.     Conclusion

Although Plaintiff's individual claims for relief are moot, the court finds Plaintiff has standing to represent the class in this action. The court further finds Plaintiff satisfies the requirements for class certification imposed by Rule 23. Accordingly, Defendants' Motion to Dismiss (Docket # 15) is **DENIED**, and Plaintiff's Motion to Certify Case as a Class Action (Docket # 6) is **GRANTED**.

**SO ORDERED** this  4th   day of August 2008.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Ronald J. Semler
STEPHENSON MOROW & SEMLER
rsemler@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com