UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TREVOR RICHARDSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:08-cv-174 RLY-MJD |
| | ) | |
| MONROE COUNTY SHERIFF, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED MOTION TO MODIFY THE PARTIES' REQUIREMENT TO MOVE TO DISMISS CASE AND AGREEMENT TO EXTEND PRIVATE SETTLEMENT AGREEMENT UNTIL MAY 29, 2026**

Come now the parties, by their counsel, and say that:

1. On August 14, 2009, the parties submitted their Private Settlement Agreement in this case. (Dkt. No. 52).

2. Paragraph 24 of the Private Settlement Agreement provides that:

> The parties agree that absent an order from the court or a subsequent written agreement by the parties, this Agreement, if approved, should remain in effect until October 1, 2011, at which time the case should be dismissed. The parties agree that this dismissal should be with prejudice as to this action only, preventing this action from being revived by any class member.

3. On December 3, 2009, this Court entered its Order Finding Private Settlement Agreement to be Fair, Reasonable and Adequate Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. (Dkt. No. 62).

4. In its Order, this Court ordered that "pursuant to the Private Settlement Agreement, this case is now deemed dismissed without prejudice. The parties shall move for dismissal with prejudice on October 1, 2011."

5. By prior agreements of the parties and orders of this Court the dismissal dates have been extended to the current date of April 15, 2026. (Dkt. Nos. 65, 70, 72, 74, 78, 80, 82, 84, 86, 88, 90, 96, 98, 102).

6. In his Notice to the Court of January 7, 2026 (Dkt. 100), plaintiffs' counsel expressed concern and frustration that despite studies and reports noting that the existing Monroe County Jail has outlived its useful life and is currently an unsafe facility that cannot meet the constitutional requirements and needs of the plaintiff class, no progress had been made towards resolving the problems in the Monroe County Jail in the almost 15 years since the Private Settlement Agreement (Dkt. 52) was entered by the parties.

7. Since filing the Notice to the Court both the Monroe County Commissioners and the Monroe County Council have attempted to address the need to replace the existing facility.

8. The Monroe County Commissioners have determined that a new jail should be built and have selected property where they would like it to be built. However, the Council earlier rejected the property because of the cost of the planned project, which was to include a criminal justice complex that would include space for courts and other offices.

9. Representatives of the County have recently met with the owner of the property who has agreed to sell the property to the County with the understanding that at least at this point only a jail structure will be built. There will not be a criminal justice complex built at this time.

10. The County Commissioners intend to approve a purchase agreement for this property before the end of this month.

11. The agreement will then be presented to the County Council for approval either at its May 12, 2026 meeting or its next meeting on May 26, 2026.

12. If the County Council approves the purchase agreement the plaintiffs will agree to a further extension of the Private Settlement Agreement until such time as the new jail is built and approved by the Indiana Department of Correction for prisoner occupation and the parties will propose various benchmark deadlines leading up to the opening of the new facility.

13. In the event that the County Council does not approve the purchase agreement, plaintiffs' counsel anticipates moving to dismiss the Private Settlement Agreement as provided in this Court's Order of January 12, 2026. (Dkt. 102). The dismissal will allow new litigation concerning the conditions of the existing jail and appropriate remedies for those conditions to be initiated.

WHEREFORE, the parties agree that the private settlement agreement in this case be extended to May 29, 2026, and move this Court to extend the time that they are to move to dismiss this case with prejudice to May 29, 2026, and for all other proper relief.

For the plaintiffs:

Kenneth J. Falk
ACLU of Indiana
1031 East Washington Street
Indianapolis, IN 46202
317/635-4059
Fax: 317/635-4105
Email: kfalk@aclu-in.org

Attorney for Plaintiffs

For the defendants:

s/ *David B. Schilling*
(w/permission)
David B. Schilling
MONROE COUNTY LEGAL DEPT.
Courthouse, Room 220
100 W. Kirkwood Ave.
Bloomington, IN 47404
812/349-2525
fax: 812/349-2982
dschilling@co.monroe.in.us

Attorney for Defendants Monroe County Sheriff and Monroe County Commissioners